Susanna Orrill seised in fee makes a Deed of Gift to her Son & Heir Orrill in tail. She dies leaving issue this Son & a Daughter by her first husband & a Son by a second husband Orrill the Donee dies without issue The Lessor of the Pit. is his Sister & Heir & the Deft, is the Donor’s Son by her second husband & is her Heir The Q. is whether the Reversion which was expectant upon the determination of the Estate tail created by the Deed from S. Orrill to her Son Orrill upon the death of Orrill the Son descends to the heir of Orrill the Son who is the Pit. or to the Heir of the Donor S. Orrill who is the Deft. Barradall fr. Deft. It must be agreed on all hands that after the Deed from S. Orrill to her Son whereby she gives him only an Estate tail there was remaining in her a Reversion expectant [105] upon the determination of that Estate tail
The Rev’n upon her death descended to her Son Orrill the *B112 Ten’t in tail And that after her death he was Ten’t in tail with the Rev’n in fee expectant all which I agree
Upon the death of Orrill the Son without issue whereby the Estate tail determined this Rev’n expectant they say descended to the Sister & heir of Orrill the Son. But I say it descended to the heir at Law of the Donor who is the Deft. This is the point between us It is a rule of Law that I hope will not be denied that whoever claims an Inheritance as Heir must make himself Heir to him who was last seised of the fee 3. Co. 41. 42. Co. Lit. 11. 6. 15. a.
Now Orrill the Son was never seized of the fee simple He was Ten’t in tail & the fee simple was- only expectant The person who was last seised of the fee was S. Orrill the Donor and who ever claims the Inheritance must make himself heir to her which the Pit. is not but the Deft.
In 3. Co. 42. a. Ratcliff’s Case It is expressly sayed he who claims a Rev’n or expectant as heir ought to make himself heir to him who made the Gift S. Orrill made the Gift the Deft, is her heir not the Pit.
In the rules which govern Descents we are not to look for solid reasons to support them It is enough if the Law is clear & settled The rules of Descent vary almost in every Country & perhaps we shall find few of them founded upon the principles of right reason or natural Justice The rules of the Civil & Common Law are widely different & the Lawyers of both sorts contend for the excellency of each The Inheritance descends to the Eldest Son by the Common Law whereas by the Civil Law I mean the Roman all the Children succeed to the Inheritance The Common Law utterly excludes the half Blood By the Roman Law they succeed in the Second Place In both these Instances the Civil Law seems to be preferrable More agreeable to nature & justice
1 Domat. 684 Ha. Hist. Common Law, 214.
By the rules of Descent that obtain in the law of England the Pit. can’t claim the Inheritance as heir to her Brother because her Brother never was seised or poss’ed of the fee simple
The rule of Law is possessio fratris de feodosimplicifacitsororem esse hceredem The rule is mentioned by Lit. sect. 8. where speaking that the half blood can’t Inherit he puts the Case of a man having a Son & a Daughter by one Venter & a Son by another *B113 If says he after the death of the father the elder Son enters & dies without issue the Inheritance shall descend to his Sister but if the elder Son dies before he enters Then it shall descend to the Bro’r of the half Blood as heir to his fa’r because says he it is possessio fratris See.
Coke in commenting upon this Sect. Se this rule of Possessio fratris [106] 1 Inst. 14. 15. puts sev’l Cases where the Sister can’t inherit & they all turn upon this point where there is not an actual pos’sion in the Bro’r for it is that must make the Sister heir Possessio says he is quasi pedis positio And therefore it is held in Ratcliff’s Case before mentioned that if there be not an actual .possession Or if the Inheritance be such of which an actual pos’sion can’t be gained per pedis positionem the half blood shall come in
Now the Inheritance here is a Rev’n expectant which it is impossible in nature could ever be reduced to an actual possession per pedis positionem And therefore by the rules of Law the Sistér can’t inherit but it must descend to the heir of the Donor
Nay in some Cases tho’ the Son actually enters the Sister shall not inherit if this possession is afterw’ds defeated by legal title as where the Wid’o of the fa’r recovers Dower ag’st him If the elder Son dies in the life of Ten’t in Dower his Sister shall not inherit but the Bro’r of the half blood as heir to the fa’r because the elder Son never had a rightful pos’sion 1. Inst. 15.
If the fa’r makes a Lease for Life or Gift in tail & dies And the eldest Son dies in the life of Ten’t for life or in tail the Bro. of the half blood shall inherit because the Ten’t had the Freehold Se the elder Bro’r only a Pee simple expectant Ibid.
So here the elder Bro. was in possession it is true but of what why of an Estate tail but he had only a fee simple expectant
Vid. 2. Dam. 558-9.
Another Case put by Coke cannot be distinguished from this A Gift is made to a man & his wife Se the heirs of their two bodies Rem’r to the heirs of the husband They have issue a Son The Wife dies Husband marries again & has issue another Son & dies The eldest Son enters & dies without issue The second Son tho’ of the half blood shall inherit for the eldest Son was not actually seised of the fee simple which was expectant but only of the Estate tail for the rule says he is possessio *B114 fratris &c. but here the elder Brother was not pos’sed of the fee simple but of the Estate tail
This Case is exactly ours the Son here upon the death of his fa’r was Ten’t in tail with the Rev’n in fee expectant he died without issue and it was adj’d that the younger Brother of the half Blood as heir to the fa’r should inherit & not the heir of the elder Bro’r
For the Pit. it was argued by Needier & Lewis to this purpose. Upon the death of S. Orrill the Donor the Rev’n expectant descended to her Son Orrill the Donee who was her heir at the time This Descent must exclude the Deft, who cannot claim as heir to Orrill the Son being only of the half blood but upon his death the Rev’n must descend to his heir who is the Pit. Upon the Descent of the Rev’n to Orrill the Son he was seised of it & might have aliened or devised it There was not indeed an actual pos’sion which cannot be by any possibility of an Estate in Expectancy But if he could dispose of it surely it ought to descend to his heir " Suppose he had actually devised or aliened [107] it Could the Deft, then have claimed ag’st such disposition It is not pretended The descent to his heir is the disposition of the Law & must work as strongly as the act of the party
The rule possessio fratris &c. relied on by the Deft, can extend only to Cases where an actual possession can be had It would be unreasonable to carry it to Cases where pos’sion cannot be had which would be inconvenient & create confusion The cases for the Deft, came not up to this The last cited out of Cokes Inst, was governed by the Rem’r in the Deed And a Rem’r is different from a Rev’n
The Donor never intended the Deft, should take anything in the Land He was not born when the Deed was made Upon the Descent of this Rev’n to Orrill the Son it vested in him absolutely to all intents & purposes Otherwise it would be in abeiance which the Law will not suffer And this was much relied on The Deft, is neither heir to the Donee nor was so to the Donor when the Reversion happened In what right then can he claim
To which it was replied
A great deal of pains has been taken to prove a point which nobody denies that a Rev’n expectant upon the determination of an Estate tail may be aliened or devised If Orrill the Son *B115 had disposed of the Rev’n in this Case after the descent upon him the present question would not have been made which seems indeed to be strangely misunderstood on the other side for it does not depend upon the reasonableness or unreasonableness of the thing nor upon the power Orrill had to dispose which is admitted but upon certain fixed & settled rules of Law which govern descents If the reason of the thing was to govern abstracted from those rules I should be glad to hear a good & solid one assigned why the half blood should not inherit Yet it is upon that rule or principle that the Pit. can have any pretence of title And it is upon another rule viz. possessio fratris &c. that the Defts. Title depends
Every one who has a fee simple either in pos’sion or reversion has a power to dispose but if he does not do it The Inheritance must go according to the rules of Law which govern descents
Vid. Cro. Car. 411. 412.
To say the rule possessio fratris &c. extends only to Cases where pos’sion can be had is a flat contradiction of the plainest & most positive Authority & some of the best in the Law In Ratcliff’s Case it is expressly sayed that if the Inheritance be such of which an actual possession cannot be gained the half blood shall come in And as to any inconvenience or confusion that may be the consequence it wants pointing out for I cannot conceive any
It is sayed the Case cited out of the Inst, is not parrallel because the Rem’r there was created by Deed It is true the Rem’r to the [108] husband is created by the Deed but then upon his death the Rem’r descended to his Son who took it by descent & not by Purchase And so after his father’s death he was Ten’t in tail with the Rem’r in fee expectant Where then is the difference betw. that Case & this. Here the Rem’r descended to him from his Mother In the Case cited the Son was Ten’t in tail with a Rem’r in fee expectant which Rem’r descended to him from his father I know no difference betw. a Rev’n & a Rem’r in fee but in the manner of the creation A Rev’n is where the Owner does not part with his whole Estate Then it is sayed to revert or come back to him after the determination of the particular Estate A Rem’r is where the Owner parts with his whole interest giving a particular Estate to one & the fee to another which is called a Rem’r And such Rem’r *B116 in fee will descend in the same manner as a Rev’n in fee. There is no kind of diff. betw. them as to the business of descent
The disposition of the Law is doubtless as strong as the disposition of the party but we say the Law disposes in our favour which is the point to be determined
The Donor’s Intention in the Deed is quite out of the Case We are contending about the Descent of the Rev’n & claim nothing under the Deed or that is disposed of by the Deed
It’s no good consequence that because the Rev’n descended to Orrill upon the death of his Mother which we admit that therefore it must descend from him to his Heir The Cases cited prove the contrary & clearly shew that a Rev’n expectant does not descend in the same course an Estate in pos’sion does There are other instances of this in the law If there be father & Son & the Son purchase land & make a lease for life & dies the reversion descends to his Uncle who dies the father cannot be heir to the Uncle of this reversion because he was never actually seised 1. Inst. 11. 6. And as to the Argum’t that the fee would be in Abeiance if it did not vest absolutely in Orrill the Son Every Estate in expectancy may be sayed to be in Abeiance (Vid. Plunket & Holme 1 Lev.) for the word is derived from the French bayer to expect 1. Inst. 342. b. And there is no inconvenience that a Rev’n expectant upon an Estate of Freehold should be in Abeiance for the true reason why the Law will not suffer the fee • to be in Abeiance (which I admit it will not except in some instances ex necessitate) is because there would want a Ten’t to the Freehold Ag’st whom a praecipe might be brought But this cannot happen where the fee is expectant on the determination of an Estate tail because there is a Ten’t of the Freehold viz. The Ten’t in tail The rule in truth is only that the Freehold shall not be in Abeiance for there are many instances [109] where the fee may As in the Case of a Lease for life Rem’r to the right heirs of I. S. The fee simple is in Abeiance during the life of I. S. 1. Inst. 342. b. So if Ten’t in tail grants all his Estate The Grantee has only an Estate for life of Tent in tail And the fee or Inheritance of the tail is in Abeiance during the life of Ten’t in tail Lit. S. 650.
Upon the whole tho’ we are neither heir to the Donee nor was so to the Dornor when the Reversion descended from her Yet in as much as the Rev’n was only expectant by the rules of Law in Cases of Descent we are intitled to this Rev’n because we are *B117 now heir to the Donor & there never was nor could be such pos’sion as the Law requires to make the Sister that is the Pit. take as heir to her Brother
Randolph, Custis & Robinson Fr Pit.
Judgm’t fr Deft, by the Opinion of Lee, Tayloe, Grymes & Carter